## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

INGRID BUTLER,
        Appellant,

      v.

FEDERAL DEPOSIT INSURANCE
    CORPORATION,
        Agency.

DOCKET NUMBER
DA-0752-20-0060-I-1

DATE: October 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Morgan Velasquez</u>, Esquire, and <u>Tyler J. Sroufe</u>, Esquire, Dallas, Texas,
    for the appellant.

<u>Johnathan P. Lloyd</u>, Esquire, and <u>Sharon Lock Davis</u>, Esquire, Dallas,
Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal based on a charge of excessive absences. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's finding sustaining the agency's charge, VACATE the administrative judge's nexus and penalty analysis, and except as expressly MODIFIED to supplement the discussion of the appellant's affirmative defenses, AFFIRM the remainder of the initial decision. The appellant's removal is NOT SUSTAINED.

## BACKGROUND

¶2    The appellant, who served as a CG-12 Compliance Examiner, sustained a back injury while on a work trip. Initial Appeal File (IAF), Tab 1 at 10, 24. Starting on September 25, 2017, due to ongoing medical issues, the appellant stopped reporting to work and was placed in a leave without pay status. IAF, Tab 24 at 5, 20-69. Subsequently, the agency granted the appellant's request for leave under the Family and Medical Leave Act of 1993 (FMLA), which was exhausted as of May 18, 2018. *Id.* at 207-209. The appellant did not return to work, and on July 3, 2018, Federal Occupational Health (FOH) sent a letter to the agency, explaining that the appellant's provider indicated that she had multiple medical conditions "necessitating continued leave," and that he was "unable to provide any return to work date" at that time. *Id.* at 250. Subsequently, the appellant's second-level supervisor issued a notice of excessive absence, dated July 26, 2018, stating, among other things, that the appellant's continued absence was causing an undue hardship to the agency, and that the agency may take an adverse action based on her record of excessive absenteeism if she failed to return to full-time duty by August 13, 2018, regardless of whether her absences were approved. *Id.* at 253-54. The appellant did not return to work, instead emailing her second-level supervisor, explaining that her medical conditions required further continuous leave and her doctor could not provide a return to work date at that time. *Id.* at 280.

¶3    Thereafter, the agency issued the appellant a notice of proposed removal for excessive absences, alleging that she was absent from her position for over 1,400

hours from September 25, 2017, to September 1, 2018, excluding the 480 hours she was on FMLA-protected leave. *Id.* at 10-13. The appellant did not make an oral or written reply, and the deciding official issued a decision sustaining the charge and removing the appellant effective December 20, 2018. *Id.* at 4-9. The appellant subsequently filed a formal equal employment opportunity (EEO) complaint concerning her removal and timely filed this appeal following the issuance of the final agency decision. IAF, Tab 1 at 9-21.

¶4 The administrative judge issued a decision on the written record, sustaining the agency's removal action, finding that the agency established the charge of excessive absences, nexus, and the reasonableness of the penalty. IAF, Tab 52, Initial Decision (ID) at 3-8, 13-16. He further found that the appellant failed to prove her affirmative defenses of disability discrimination based on a failure to accommodate and EEO retaliation. ID at 10-13. The appellant has filed a petition for review, challenging the administrative judge's findings related to the merits of the charge, the finding of nexus, and the reasonableness of the penalty. Petition for Review (PFR) File, Tab 3 at 7-14. She also alleges that the agency did not engage in the interactive process and failed to reasonably accommodate her, and that her supervisor had motive to retaliate against her because of a prior EEO complaint. *Id.* at 8-9, 14-17.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The length of the appellant's absence after the agency warned her she may face disciplinary action is not sufficiently unreasonable to establish a charge of excessive absence.</u>

¶5 As a general rule, an agency may not take an adverse action based on an employee's use of approved leave. *Coombs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 12 (2002). However, an exception applies when the following criteria are met: (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because she could not be on the job; (2) the absences continued beyond a reasonable time,

and the agency warned the employee that an adverse action could be taken unless she became available for duty on a regular, full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on regular, full-time or part-time basis. *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984). This exception is applicable only under unusual circumstances, such as when the employee is unable to return to duty because of the continuing effects of illness or injury. *Id.* at 612.

¶6    After the issuance of the initial decision, the Board clarified the absences that could be used to support an excessive absence charge in *Williams v. Department of Commerce*, 2024 MSPB 8, ¶¶ 6-12. Specifically, the Board held that, as here, when an agency charges an appellant with excessive absence, it may only rely on absences that occurred after the appellant received warning that she may be disciplined if she did not become available for duty. *Williams*, 2024 MSPB 8, ¶¶ 6-8. In the instant case, the agency first warned the appellant that she could be disciplined for her approved absence in the agency's notice of excessive absence letter, which was received by the appellant on Friday, July 27, 2018, via email.[2]  IAF, Tab 24 at 252-56. Therefore, the earliest date the agency could use to support its charge is the first workday after the warning, i.e., Monday, July 30, 2018. As noted above, the agency's charge covers the appellant's absences through September 1, 2018. *Id.* at 12. Therefore, in support of its excessive absences charge, the agency may only use the period from July 30 to September 1, 2018, which consists of 25 workdays.[3]  *Williams*, 2024 MSPB 8, ¶¶ 6-8. Such a relatively short period of absence does not prove an excessive absence charge. Stated another way, 25 days of absence is not sufficient to

---

[2] The agency also sent its notice of excessive absence letter by regular mail, as well as certified mail, which the appellant received on August 1, 2018. IAF, Tab 24 at 277-78.

[3] Because the notice of excessive absence letter designated August 13, 2018 as the return to duty date, it could be argued that the charge only covers 15 workdays, between August 13 and September 1, 2018. IAF, Tab 24 at 254. However, regardless of whether the period of coverage is 15 workdays or 25 workdays, such a short period of time does not constitute excessive absence.

establish that the appellant's absence continued beyond a reasonable time, and therefore, the agency has not proven its charge of excessive absence. *See Cook*, 18 M.S.P.R. at 611-12. Accordingly, the appellant's removal cannot be sustained, and the action must be reversed.

Although we modify the administrative judge's analysis, we nevertheless affirm his finding that the appellant did not establish her failure to accommodate claim.

¶7      The administrative judge found that the appellant did not establish her failure to accommodate claim because, regardless of whether the appellant was a qualified individual with a disability, she failed to respond to the agency's good-faith attempts to enter into the interactive process and did not identify any reasonable accommodation that would have allowed her to return to duty. ID at 10-11. On review, the appellant argues that, because the agency never engaged with her in the interactive process, it cannot prove that she would not have been able to return to duty if a reasonable accommodation had been provided. PFR File, Tab 3 at 8-9, 14-15. While we agree with the administrative judge that the appellant has not established her disability discrimination claim, pursuant to *Haas v. Department of Homeland Security*, 2022 MSPB 36, we must first determine whether the appellant was a qualified individual with a disability and, therefore, entitled to reasonable accommodation. ID at 10-11.

¶8      It is illegal for an employer to "discriminate against a qualified individual with a disability." 42 U.S.C. § 12112(a);[4] *Haas*, 2022 MSPB 36, ¶ 28. Both a claim of disability discrimination based on an individual's status as disabled and a claim based on the agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas*, 2022 MSBP 36, ¶ 28. To be a qualified individual with a disability, the appellant must show that she can

---

[4] The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Haas*, 2022 MSPB 36, ¶ 28. The standards under the American with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, have been incorporated into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Id.*

"perform the essential functions of the . . . position that [she] holds or desires" with or without reasonable accommodation.[5]  42 U.S.C. § 12111(8).  Thus, an appellant can establish that she is an individual with a disability by showing that she can, with or without accommodation, perform either the essential functions of her position of record or those of a vacant funded position to which she could be assigned.  *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 28.

¶9        Based on the record before us, we find that the appellant did not prove that she is a qualified individual with a disability.  According to the appellant's FMLA paperwork, the July 3, 2018 FOH letter, and the appellant's statements in her August 10, 2018 email, the appellant suffered from medical conditions that required continuous leave, and it was not clear whether the appellant could ever return to work.  IAF, Tab 24 at 193-94, 250, 280.  Further, the appellant has never identified a reasonable accommodation that would have allowed her to return to work; she has only requested continued leave.  *Id.* at 178-80, 192-200, 243-47, 280.  Indefinite leave, with no foreseeable end, does not allow the appellant to perform the functions of any position and, thus, does not constitute a reasonable accommodation.  *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014) (explaining that a reasonable accommodation includes modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential job functions, or reassigning the employee to a vacant position whose duties the employee can perform).  Accordingly, we find that the appellant cannot establish a failure to accommodate claim because she is not a qualified individual with a disability.

While we modify the administrative judge's analysis to incorporate the updated legal standard, we nevertheless affirm his finding that the appellant did not establish her EEO retaliation claim.

¶10        In analyzing the appellant's EEO retaliation claim, the administrative judge used the legal framework set forth by the Board in *Savage v. Department of the*

[5] Neither party disputes that the appellant is an individual with a disability.  IAF, Tab 24 at 193-95.

*Army*, 122 M.S.P.R. 612, ¶ 51 (2015), and found that the appellant did not establish that the agency's action was motivated by her EEO activity.[6]   ID at 12-13.  Under that standard, when an appellant asserted an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the Board would first inquire whether she had shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.  *Savage*, 122 M.S.P.R. 612, ¶ 51.  Such a showing was sufficient to establish that the agency violated 42 U.S.C. § 2000e-16, thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1).  *Savage*, 122 M.S.P.R. 622, ¶ 51.  If the appellant met her burden, the Board would then inquire whether the agency had shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it would still have taken the contested action absent the alleged discriminatory or retaliatory motive.  *Id.*  If the Board found that the agency made that showing, its violation of 42 U.S.C. § 2000e-16 would not require reversing the action.  *Id.*

¶11    Following the issuance of the initial decision, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, 30, which overruled parts of *Savage* and clarified the proper analytical framework to be applied to affirmative defenses of Title VII discrimination and retaliation.  Specifically, the Board explained in *Pridgen* that for status-based discrimination claims, in order to obtain full relief, the appellant must show that discrimination or retaliation was a "but-for" cause of the personnel action.  *Pridgen*, 2022 MSPB 31, ¶¶ 21-22.  The Board also clarified the expansive scope of potentially relevant evidence.  *Id.*, ¶¶ 23-25.  Based on our review of the record, we conclude that the outcome of this appeal under the standard set forth in *Pridgen* would be the same as arrived at by the administrative judge.

---

[6] The appellant's prior EEO activity is a previous EEO complaint.  IAF, Tab 1 at 13; PFR File, Tab 3 at 10.

**ORDER**

¶12    We ORDER the agency to cancel the appellant's removal and restore her to duty, retroactive to December 20, 2018. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶13    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶15    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶16    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING<br>YOUR RIGHT TO REQUEST<br>ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.